IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
vs.                            )      NO. 2:04-CR-71
                               )
ANTHONY ALEXANDER,             )
                               )
Defendant.                     )

## OPINION AND ORDER

This matter is before the Court on the:  (1) Motion to Arrest Judgment, filed by Defendant, Anthony Alexander, on March 7, 2005; and (2) Motion to Amend Defendant's Motion to Arrest Judgment, filed by Defendant, Anthony Alexander, on April 4, 2005.  For the following reasons, the Motion to Arrest Judgment is **DENIED,** and the Motion to Amend Defendant's Motion to Arrest Judgment is **GRANTED.**

BACKGROUND

On September 2, 2004, Pro se Defendant, Anthony Alexander, was charged in an indictment with the following crimes:  conspiracy to possess with intent to distribute and to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. section 846 and section 841(a)(1) (Count 1); distribution of a quantity of marijuana in violation of 21 U.S.C. section 841(a)(1) (Count 2); distribution of a mixture and substance

containing a detectable amount of cocaine on June 24, 2004, in violation of 21 U.S.C. section 841(a)(1) (Count 3); and distribution of a mixture and substance containing a detectable amount of cocaine on August 11, 2004, in violation of 21 U.S.C. section 841(a)(1) (Count 4). Additionally, Count 5 of the original indictment charged Alexander's co-defendant, George Moon, with possession with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine on August 17, 2004, in violation of 21 U.S.C. section 841(a)(1) (Count 5).

A superseding indictment was filed on October 22, 2004. Alexander was also arraigned on the superseding indictment on October 22, 2004. The superseding indictment includes the four counts against Alexander contained in the original indictment, and adds four new counts against Alexander. The original indictment counts are all included in the superseding indictment, and are identical except for the fact that some are numbered differently in the superseding indictment. The four new counts in the superseding indictment charged Alexander with the following crimes: distribution of a mixture and substance containing a detectable amount of cocaine on May 26, 2004, in violation of 21 U.S.C. section 841(a)(1) (superseding indictment Count 2); distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base on June 15, 2004, in violation of 21 U.S.C. section 841(a)(1) (superseding indictment Count 3); use of a telephone to facilitate the distribution of a mixture and

substance containing a detectable amount of cocaine on August 11, 2004, in violation of 21 U.S.C. section 843(b) (superseding indictment Count 7); and use of a telephone to facilitate the distribution of a mixture and substance containing a detectable amount of cocaine on August 17, 2004, in violation of 21 U.S.C. section 843(b)(superseding indictment Count 8).

Prior to trial, on December 6, 2004, Alexander filed a motion to dismiss the superseding indictment.  Alexander argued, *inter alia*, that the superseding indictment should be dismissed because the Government failed to comply with Federal Rule of Criminal Procedure 48(a), and that the dismissal of the original indictment was in bad faith.  At this time, the Government had not yet moved to dismiss the original indictment.  In response to Alexander's motion, the Government stated it had not dismissed the original indictment, but would no doubt do so simply to avoid any confusion in the docket.  In an order dated January 14, 2005, this Court denied Alexander's motion to dismiss the superseding indictment.

As it turned out, the Government did not move to dismiss the original indictment before the trial in this case.  Rather, during trial, on February 24, 2005, Alexander made an inquiry about dismissal of the original indictment, and the Government offered to dismiss the original indictment orally.  Alexander objected.  The Court overruled the objection and granted the dismissal of the original indictment, but directed the parties to file legal memoranda regarding the

dismissal.  In the event of a guilty verdict, the Court ordered the Government to file a brief within 10 days of the verdict, regarding dismissal.  Alexander would have 10 days plus 3 for mailing, to respond.  On February 28, 2005, the jury returned a verdict against Alexander, finding him guilty on all of the counts charged against him (1-8) in the superseding indictment.

Many briefs have been filed relating to this matter.  On March 7, 2005, Alexander filed the instant Motion to Arrest Judgment.  The Government then filed the "Government's Memorandum Regarding Effect of Superseding Indictment and Dismissal of Original Indictment" on March 9, 2005.  Then, on the same day, March 9, 2005, Alexander filed his "Motion to Supplement Defendant's Motion to Arrest Judgment, Pursuant to Rule 33, Fed. R. Cr. Proc."  On March 11, 2005, this Court granted Alexander permission to file a supplemental memorandum in support of his previously filed motion to arrest judgment.  Also on March 11, 2005, the Government filed its "Response to Defendant Alexander's Motion to Arrest the Judgment of the Jury Trial Verdict."  On March 21, 2005, Alexander filed a supplemental motion entitled "Defendant's Memorandum Regarding Effect of Superseding Indictment and Dismissal of Original Indictment."  On March 24, 2005, Alexander filed his "Supplemental Motion to Arrest Judgment, Pursuant to Rule 33, Fed. R. Cr. Proc."  On April 4, 2005, Alexander filed his "Motion to Amend Defendant's Motion to Arrest Judgment."  On April 8, 2005, the Government filed its "Response to Defendant Alexander's Supplemental

Motion to Arrest Judgment."  Finally, on April 14, 2005, Alexander filed "Defendant's Reply to Government's Supplemental Response."


DISCUSSION

### Alexander's Motion to Amend His Motion to Arrest Judgment

This Court will first address Alexander's Motion to Amend Defendant's Motion to Arrest Judgment, filed on April 4, 2005.  In that motion, Alexander notifies the Court and the Government of his intent to amend his Motion to Arrest Judgment.  Alexander states that "[a]fter reviewing the defendant's petition, the defendant has noticed a clerical error.  The defendant's petition should be pursuant to rule 34(a).  Wherefore, the defendant request [sic.] the Court to take acknowledgment, that the defendant's request to Arrest Judgment, should be pursuant to rule 34(a), Fed. R. Cr. Proc., not rule 33." (Mot. to Amend Def.'s Mot. to Arrest J.)

Rule 34 of the Federal Rules of Criminal Procedure is entitled "Arrest of Judgment."  Alexander's original motion, filed March 7, 2005, stated that he requested, pursuant to Rule 33, that the Court "arrest the judgment of the jury trial verdict."  Although Alexander continues to nominally invoke Rule 33 in the following multiple memoranda in support of his motion (with the exception of his reply brief dated April 14, 2005, in which Defendant claims his motion is pursuant to Rule 34(a)(2)), Alexander repeatedly states that his motion is to "arrest judgment" and he requests that the Court arrest

the judgment as relief.  In contrast, Rule 33 provides that "the court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice."  Alexander does not request a new trial.   The many briefs submitted on this motion support Alexander's contention that he intended to file his motion to arrest judgment under Rule 34, not Rule 33.[1]  Consequently, the Court **GRANTS** Alexander's Motion to Amend Defendant's Motion to Arrest Judgment, and will treat the motion as one pursuant to Rule 34(a), not Rule 33.


Alexander's Motion to Arrest Judgment

Alexander sets forth several arguments of why his motion to arrest judgment is meritorious.  First, Alexander claims that the Government deliberately circumvented the grand jury proceedings and violated the Fifth Amendment and Fourteenth Amendment by: (1) trying and convicting Alexander on unindicted charges; (2)  misleading the grand jury by, *inter alia*, not filing a criminal complaint alleging a conspiracy and not mentioning the word "conspiracy" to the grand jury; (3) manipulating the grand jury; (4) falsely and maliciously prosecuting Alexander; (5)  forging a federal document; and (6) fraudulently obtaining the superseding indictment.  Alexander also

---

[1]Alexander's motion to arrest judgment is timely filed. Rule 34 provides that "[t]he defendant must move to arrest judgment within 7 days after the court accepts a verdict or finding of guilty."  Fed. R. Crim. P. 34(b).  The verdict was returned on February 28, 2005, and his motion was filed on March 7, 2005.

-6-

argues that the Government placed him in double jeopardy by arraigning and charging him twice.  He also urges that the Government violated Rule 48(a) by dismissing the original indictment during trial without Defendant's consent.  Furthermore, Alexander contends that by dismissing the original indictment, the Court dismissed the only legal indictment, or the only charging document.

A motion under Rule 34 for arrest of judgment may be granted only when the indictment does not charge an offense, or the court is without jurisdiction.  Fed. R. Crim. P. 34(a); *see also United States v. Andreas*, 39 F. Supp. 2d 1048, 1058 (N.D. Ill. 1998); *United States v. Maloney*, No. 91 CR 477, 1994 WL 96673, *1 (N.D. Ill. Mar. 23, 1994).  "Although at one time a defendant seeking arrest of judgment could raise a variety of grounds, under Rule 34 only two grounds for the motion are recognized.  These are:  (1) the indictment or information does not charge an offense; and (2) the court is without jurisdiction of the offense charged."  Wright, King & Klein, Federal Practice and Procedure:  Criminal 3d § 571.

In ruling on a motion to arrest judgment under Rule 34, this Court "cannot look beyond the face of the record."  *United States v. Sisson*, 399 U.S. 267, 281-82 (1970) (citations omitted).  Evidence adduced at trial may not be considered.  *Id.* at 282.  Rather, only the indictment, the verdict, and the sentence may be considered.  *See United States v. Muyet*, 994 F. Supp. 501, 524 (S.D.N.Y. 1998) (holding that in deciding a motion to arrest judgment, the court may not look

beyond the face of the record, which consists of no more than the indictment, plea, verdict, and sentence). Consequently, in ruling on Defendant's motion to arrest judgment, this Court has not considered many of the exhibits attached to Alexander's memoranda, including transcripts of proceedings held before the magistrate judge and transcripts of the proceedings held before the federal grand jury. Whether an indictment adequately alleges the elements of the offense is a question of law subject to de novo review. *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992).

Although Alexander states that he seeks an arrest of judgment pursuant to Rule 34(a)(2) (Def.'s Rep. to Govt's Supp. Resp., p. 1), nowhere in Alexander's many briefs does he elaborate upon why he believes the Court does not have jurisdiction of the charged offenses. In fact, Alexander's contention is completely unsupported by legal argument or appropriate case law.

Federal district courts have original and exclusive jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. This Court finds that it does have jurisdiction over the charges stated against Alexander in the superseding indictment. Therefore, the Court rejects Alexander's jurisdictional challenges.

Alexander's claims that the superseding indictment was procured by fraud do not constitute a basis for arresting judgment because those lines of argument do not show that jurisdiction is lacking or that the indictment did not charge an offense. Moreover, as the

-8-

Government has indicated, the conviction trumps and renders harmless any possible error that may have occurred with the grand jury. *See United States v. Mechanik*, 475 U.S. 66, 73 (1986) ("the petit jury's verdict rendered harmless any conceivable error in the charging decision"); *United States v. Rosario*, 234 F.3d 347, 352 (7th Cir. 2000) ("even if there were error (which is not the case here), any such error in the presentation of evidence before the grand jury would be harmless given the jury conviction at trial which indicates a proper grand jury proceeding would have still yielded an indictment.").

Although Alexander argues that the superseding indictment has many flaws, he does not contend, under Rule 34(a)(1), that the indictment does not charge an offense. This Court has reviewed the superseding indictment and the jury's verdict, and has determined that the superseding indictment sufficiently charges Alexander with conspiracy, distribution of marijuana, distribution of cocaine, distribution of crack cocaine, and using a telephone to facilitate the distribution of cocaine. The jury found Alexander guilty on Counts 1-8 of the superseding indictment, and each of those offenses was sufficiently charged in the superseding indictment. Accordingly, the motion for arrest of judgment is **DENIED**.

Dismissal of the Original Indictment During Trial

The Court specifically requested that the parties brief the issue

of the propriety of dismissing the original indictment.  Alexander's motion to arrest judgment is intermingled with arguments that the Government improperly dismissed the original indictment during trial over Alexander's objection and in violation of Criminal Rule of Procedure 48(a).  Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint.  The government may not dismiss the prosecution during trial without the defendant's consent."  Fed. R. Crim. P. 48(a).  Alexander also contends that, because the superseding indictment was procured from the grand jury by fraud, when the Court dismissed the original indictment during trial, the Court dismissed the only legal charging document.  Alexander also argues that because the Government did not voice a reason during trial for dismissal of the original indictment, he is entitled to a dismissal with prejudice.

The Government cites three cases which touch on the outstanding issue, *United States v. Vavlitis*, 9 F.3d 206 (1st Cir. 1993), *United States v. Castiglione*, 876 F.2d 73 (9th Cir. 1988), and *Ward v. United States, 694 F.2d 654* (11th Cir. 1983).  However, none of the cases directly address the issue at hand, which is the propriety of granting the Government's dismissal of the original indictment during trial, despite Defendant's objection.

In *Vavlitis*, a grand jury returned an original indictment, and then a superseding indictment but, due to an oversight, the defendant was never arraigned on the superseding indictment.  9 F.3d at 208.

During the first day of trial, over the defendant's objection and a motion for mistrial, the court allowed the Government to dismiss the superseding indictment, and the trial proceeded on the original indictment. The appellate court determined that two valid indictments could be pending at the same time against the defendant, and determined that there was no double jeopardy violation. The court also noted in passing that "the trial could have proceeded on the superseding indictment . . . ." *Id*. As recognized by Alexander, the main difference between *Vavlitis* and this case is that Alexander was arraigned on the superseding indictment (although Alexander claims the superseding indictment was fraudulently obtained through prosecutorial misconduct). *Vavlitis* contains no analysis of Rule 48(a). Further, the attorneys in *Vavlitis* dismissed the superseding indictment, and proceeded on the original indictment. This case is the reverse - the Government dismissed the original indictment, and proceeded on the superseding indictment. What is similar and instructive, however, is that the *Vavlitis* court approved of the dismissal of an indictment during a trial, over the defendant's objection, and the proceeding trial.

Castiglione also involved an original indictment and a superseding indictment. After the superseding indictment was returned, but before trial, the Government dismissed the original indictment. 876 F.2d at 75. The court concluded that dismissal of the original indictment with prejudice did not bar further prosecution

-11-

on identical counts in the superseding indictment. *Id.* at 76. *Castiglione* is distinguishable because there, the original indictment was dismissed prior to trial, and in this case, the original indictment was dismissed during trial.

Finally, in *Ward v. United States*, 694 F.2d 654 (11th Cir. 1983), the grand jury returned an original indictment and later, a superseding indictment. After the trial proceeded based upon the superseding indictment, the Government dismissed the original indictment. The appellate court held that the district court's dismissal of the original indictment after the defendant's conviction had no effect on the validity of his conviction or the court's authority to sentence him. *Id.* at 658.

None of the cases cited by the Government address Rule 48(a), the rule which Alexander strenuously insists the Government violated. The Government does not address the history, substance, or purpose of Rule 48. The Government claims, however, that it was clear that the case was proceeding to trial on the superseding indictment, and that Alexander has suffered no prejudice.

Rule 48(a) states:

> The government may, with leave of court, dismiss
> an indictment, information, or complaint. The
> government may not dismiss the prosecution during
> trial without the defendant's consent.

Fed. R. Crim. P. 48(a). At common law, the prosecutor could have entered a *nolle prosequi* without approval of the Court. Wright, King & Klein, Federal Practice and Procedure: Criminal 3d § 571. The

"leave of court" requirement was included at the time of the adoption of the rule, and it has been interpreted "to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Salinas*, 693 F.2d 348, 351 n.8 (5th Cir. 1982). "The principal objective of the 'leave of court' requirement is to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the government moves to dismiss an indictment over the defendant's objection."[2] *United States v. Segal*, No. 02 CR 112, 2002 WL 538775, *4 (N.D. Ill. April 10, 2002) (citing *Rinaldi v. United States*, 434 U.S. 22, 30 n. 15 (1977)).

In *Rinaldi*, the Supreme Court held that in considering the Government's motion to dismiss, a "District Court was empowered to withhold leave if the Government's decision to terminate this prosecution clearly disserved the public interest." *Rinaldi*, 434 U.S. at 29 (citation omitted). The Court must presume that the prosecutor acted in good faith when it moves to dismiss under Rule 48(a). *United States v. Welborn*, 849 F.2d 980, 983 (5th Cir. 1988); *Salinas*, 693 F.2d at 352. Although the Court may presume the Government has acted in good faith, the Government must provide more than a conclusory

---

[2]This type of prosecutorial misconduct occurred in *Salinas*, where the Government moved to dismiss an indictment after a jury was empaneled because the Government was displeased with the selected jury. *Salinas*, 693 F.2d at 352-53. This reason was inadequate to justify a dismissal without prejudice in order to bring a second indictment one week later. Such conduct constituted harassment of the defendant and raised double jeopardy issues. There is no evidence of such prosecutorial misconduct in this case.

reason for seeking dismissal. *Welborn*, 849 F.2d at 983. "The key factors in determining the propriety of the government's dismissal motion are the government's reasons and good faith." *United States v. Palomares*, 119 F.3d 556, 558 (7th Cir. 1997) (citing *Salinas*, 693 F.2d at 351)). Bad faith arises when the prosecution is motivated "by considerations 'clearly contrary to the manifest public interest'" and "the public interest is not served by harassing a defendant." *Salinas*, 693 F.2d at 351 n.15.[3]

In this case, the superseding indictment charged identical counts contained in the original indictment, plus four additional counts against Alexander in the superseding indictment. Alexander had been arraigned on the superseding indictment prior to trial. In response to Alexander's motion to dismiss the superseding indictment, the Government responded that "it ha[d] not yet dismissed the original indictment, but no doubt [would] do so simply to avoid confusion in the docket." (Govt's Resp. dated Dec. 29, 2004, p. 2.) The Government contends it has been clear all along that it was proceeding on the superseding indictment. Alexander does not contest he knew the

---

[3]Some judicial opinions have speculated that a district judge could deny a motion to dismiss a criminal charge, however, the Seventh Circuit has specifically acknowledged that it is unaware of any appellate decision that upholds a denial of a motion to dismiss a charge on the basis of bad faith. *In re United States*, 345 F.3d 450, 453 (7th Cir. 2003). Furthermore, that Court questions how a district judge "could properly refuse to dismiss a prosecution merely because he was convinced that the prosecutor was acting in bad faith or contrary to the public interest." *Id.*

case would be tried on the charges in the superseding indictment. (See the Joint Statement of the Case, signed by all parties and filed on February 22, 2005.)

The Court does not believe it committed an error in granting the Government's motion to dismiss the original indictment, even though the dismissal was requested during trial, over Defendant's objection. First, because the same claims dismissed in the original indictment were already pending against Alexander in the superseding indictment, there is no evidence of prosecutorial harassment (or charging, dismissing, and recharging). Second, there is no evidence that the Government's housekeeping motion was against public interest. To the contrary, the Government appears to have made its motion in complete good faith, in an effort to clarify the record. Third, under the circumstances, Alexander's right to a speedy trial was not violated, and there are no double jeopardy issues (because there will be no impanelment of a second jury and no second verdict). Fourth, Alexander has suffered no prejudice because he was arraigned on the superseding indictment and had the opportunity to prepare a defense.

Finally, this Court does not believe the dismissal of the original indictment should have been denied simply because Rule 48(a) states that the Government may not dismiss the prosecution during trial without Defendant's consent. First, it does not appear the Government dismissed the "prosecution," because the trial continued after the dismissal. Second, that requirement exists because once the

-15-

trial has commenced, the defendant has a right to insist on disposition of the merits.  Wright, King & Klein Federal Practice and Procedure: Criminal 3d § 811.  In this case, Alexander *was* tried, on the merits, for the charges in the superseding indictment, which included the charges in the original indictment.  Even assuming, *arguendo*, that this Court committed error granting the dismissal of the original indictment during trial, it was harmless error.  If the Government's motion to dismiss was in fact denied, the trial still could have proceeded on the superseding indictment, *Ward*, 694 F.2d at 658, and Alexander would have been found guilty of the same crimes.

In sum, after due consideration, the Court determines that it properly dismissed the original indictment during trial, and that the jury's verdict based upon the superseding indictment was proper.


CONCLUSION

For the aforementioned reasons, Defendant's Motion to Arrest Judgment is **DENIED**.  Defendant's Motion to Amend Defendant's Motion to Arrest Judgment is **GRANTED**.


DATED:  April 25, 2005          S/RUDY LOZANO, Judge
                                   United States District Court


-16-