```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


UNITED STATES OF AMERICA,     )
                              )
Plaintiff,                    )
                              )
vs.                           )   NO. 2:04-CR-71
                              )
ANTHONY ALEXANDER,            )
                              )
Defendant.                    )
```

## OPINION AND ORDER

This matter is before the Court on the Affidavit of Criminal Charges by Witness & Victim of Criminal Activity, filed by Defendant, Anthony Alexander, on April 28, 2005. To the extent Alexander seeks to arrest or prosecute the individuals named in his affidavit, his request is **DENIED**.

BACKGROUND

Following a trial before this Court, the jury returned a verdict against Alexander on February 28, 2005, finding him guilty as to all eight counts of the superseding indictment. Alexander filed the instant Affidavit of Criminal Charges by Witness & Victim of Criminal Activity on April 28, 2005. In the affidavit, Alexander attests, *inter alia*, that the superseding indictment was fraudulently obtained, justice was obstructed, he was deprived of certain rights under the

color of law, and false declarations were made before the grand jury. Alexander states he "believes that there is probable cause to arrest" three United State's Attorneys involved in his case, a Drug Enforcement Administration ("DEA") agent, and two grand jury forepersons, for violations of 18 U.S.C. sections 241, 242, 1018, 1503, and 1623(a).

DISCUSSION

First, the Court notes that "the prosecution of criminal actions in the federal courts is a manner solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys." *Brumbaugh v. Rehnquist*, No. 2:01-CV-0107, 2001 WL 376477, *1 (N.D. Tex. Apr. 13, 2001) (citing with approval *United States v. Panza*, 381 F. Supp. 1133 (W.D. Pa. 1974) (concluding private citizens have no right to institute criminal prosecutions in federal court); *Dugar v. Coughlin*, 613 F. Supp. 849 (S.D.N.Y. 1985); *United States ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975) (ruling essential role of government in the prosecution of criminal violations precludes complaint by private citizens); *Dixon v. State of Md. by Carter*, 261 F. Supp. 746 (D.C. Md. 1966) (holding prisoner could not personally institute criminal proceeding against state and its officers for violation of his rights under color of law and should send any such complaint to United States Attorney)).

There is no private civil right of action under any of the

criminal statutes cited by Alexander.  First, Alexander cannot assert any claim under sections 241 and 242 because, as criminal statutes, they do not convey a private right of action.  *See Lerch v. Boyer*, 929 F. Supp. 319, 322 n. 1 (N.D. Ind. 1996) (noting that section 242, "like [section] 241, is a criminal statute governing conspiracies against civil rights and deprivation of rights under color of law that does not provide for a private right of action."); *see also Keyter v. Bush*, No. 04-5324, 2005 WL 375623, *1 (D.C. Cir. Feb. 16, 2005) (acknowledging that sections 241 and 242 are criminal statutes that do not convey a private right of action); *Dugar*, 613 F. Supp. at 852 n.1 (finding no private right of action under section 242).

   Similarly, section 1018 regarding false statements in an official document is a criminal statute that does not provide for a private right of action.  *See Henry v. United States of America, Internal Revenue Service*, No. Civ. A. 02-0968, 2004 WL 1597515, *2 (E.D. La. July 15, 2004) (citing *Mousseaux v. United States Comm'r of Indian Affairs*, 806 F. Supp. 1433, 1437 (D.S.D. 1992)).  Further, "[f]ederal courts have consistently denied a private civil right of action under 18 U.S.C. [section] 1503, the criminal statute against jury tampering, witness intimidation, and obstruction of justice."  *Scherer v. United States*, 241 F. Supp. 2d 1270, 1282 (D. Kan. 2003) (citations omitted). Finally, Alexander has provided no authority, and this Court is  not aware of any, holding that a private civil right of action is available under section 1623(a), for false declarations made before

a grand jury.

If compelling facts were present, this Court could refer Alexander's affidavit to the United States Attorney.  However, in this case, Alexander's broad and unsupported allegations present no cause for referral.

CONCLUSION

For the above referenced reasons, to the extent Alexander seeks the arrest or prosecution of the individuals named in his Affidavit of Criminal Charges by Witness & Victim of Criminal Activity, the request is **DENIED**.

**DATED:  May 3, 2005**            S/RUDY LOZANO, Judge
                                   **United States District Court**