UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

HAMMOND DIVISION

FILED

MAY 17 2005

At_____M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA,

V.

ANTHONY ALEXANDER,
DEFENDANT

CRIMINAL NO. 2:04 CR 71

DEFENDANT'S RESPONSE TO COURT'S ORDER TO RESPOND TO
PRE-SENTENCE INVESTIGATION REPORT

Now comes Defendant, Anthony Alexander, Pro-Se, responding to the court's order to respond to P.S.I. report no later than May 20, 2005.

The defendant would like to inform the court that the defendant has not received a copy of the P.S.I. report, nor has defendant's stand-by counsel contacted the defendant to discuss any issues in regards to the P.S.I. report.

This court is aware of the defendant's capability to be responsible regarding filings of motions, abiding by rules of criminal procedure, and obeying the court's orders. If the defendant had received a copy of the P.S.I. report, the defendant would have responded promptly.

However, not to delay the court's docket, the defendant will give an objection to any sentence being imposed, if this court will find the response sufficient. If this court doesn't believe the response to be in the best interest of the defendant, this court can order a copy of the P.S.I. report to be sent to the defendant to respond, and postpone the sentencing two weeks.

First of all, the defendant will object to any sentence, because any sentence imposed will be in violation of the defendant's constitutional rights. The

sentence imposed will be for charges, in a superseding indictment, that were not returned by the second grand jury.

The defendant objects to any sentence imposed for counts 2, 4, 5, and 6, because the jury did not find the defendant guilty of any drug amounts at all. The defendant believes it would be a plain error, "if the defendant had been sentenced for felony offense where the indictment failed to allege the element (drug amount) that would make the offense charged a felony the sentence would have to be vacated." Packnett v. U.S., 503 F.2d 949, 950 (5th Cir.1974). The indictment charged "a detectable amount" and a "quantity". These phrases don't amount to a measurable or an aggravated amount, only that which a drug sniffing dog can detect. "To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense." U.S. v. Cabrera-Teran, 168 F.3d 141, 143 & n.5 (5th Cir.1999).

The defendant objects to any sentence imposed for counts 1, 3, 7, and 8, because the second grand jury never indicted the defendant on these charges, due to the fact, the grand jury was never presented with a complaint for consideration of the charges. "The Fifth Amendment requires that a defendant be convicted only on charges considered and found by a grand jury." U.S.C.A. Const.Amend.5. U.S. v. Dubo, 168 F.2d. 1177 (9th Cir.1999).

In light of the Edwards decision, the defendant will object to any sentence being imposed for crack cocaine, because the jury convicted the defendant for cocaine base, not crack.

The government has not sought any enhancements, therefore, the objections stated above will be sufficient.

The defendant believes any sentence imposed will be a direct violation of the

Fifth and Fourteenth Amendment of the Constitution of the United States.

                                              Respectfully Submitted,

                                              *[signature]*

                                          Anthony Alexander, Defendant, Pro-Se
                                          71 W. Van Buren St.
                                          Chicago, Illinois 60605
                                          Inmate No. 03709-027