UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

F I L E D

JUN 0 8 2005

At
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA,

v.

Anthony Alexander,
Defendant,

CRIMINAL NO.   2:04 CR

## DEFENDANT'S OBJECTION TO PRESENTENCE
## INVESTIGATION REPORT

Now comes Defendant, Anthony Alexander, Pro-Se, in response to the Court's order, objecting in writing to the P.S.I. report.

Defendant, Anthony Alexander, objects to line 5, page 3, of the P.S.I. report. Line 5 is a false statement, because the federal grand jury sitting in the Northern District of Indiana did not return a nine count superseding indictment.   As repeatedly alleged by the defendant, the government fraudulently obtained the superseding indictment, by misleading the grand jury.

The defendant objects to lines 7-17, pages 4 and 5.   These statements entails only the government's version of the case.   There is no proof to lines 7-9, regarding the alleged purchases by the informants, from Mr. Alexander, in the "past few years."   Lines 9-17 reflect the government's version of the events.   The defense put on testimony at trial that clearly contradicted the government's version.

The defendant objects to Mr. Holms conclusion in line 20, page 6.   There was no proof that Mr. Alexander gave Mr. Moon any money.   Also, there was evidence presented at trial that proved the serial numbers on the money was not obtained until after the money was retrieved from Mr. Moon.   Furthermore, there is no truth that the "money represents payment for at least four (4) kilolgrams of cocaine that was distributed to Moon by Alexander."   All of this is the government's version, and

irrelevant because the jury's verdict did not reflect anything regarding this matter.

The defendant objects to line 23, page 6, for sentencing purposes. Based on the jury's verdict, the defendant was found guilty to have distributed only fifty (50) grams of cocaine base.

The defendant objects to line 24, page 7, for the grand total weight the defendant can be held responsible for distributing. First of all, the jury's verdict was "guilty of 50 grams or more of cocaine base." Also, the calculated marijuana equivalency of cocaine is incorrect.

The P.S.I. report calculated "124.7 grams of cocaine base equals 2,494 kilograms of marijuana. That calculation can only be correct if the cocaine base was proven, through chemical analysis and the jury's verdict, to be crack. Since there was no such analysis, nor did the jury's verdict reflect a verdict for crack, we must consider the "cocaine base" to be chemically the same as "cocaine." Therefore, the marijuana equivalency of cocaine for count 3 equals ten (10) kilograms of marijuana.

As for the 9.856 kilograms mentioned in line 24, that's incorrect also. First of all, the defendant was never indicted for the nine (9) kilograms Mr. Holms alleges "the defendant can be held responsible for the distribution." Also, the jury never found the defendant guilty of distribution of the five kilograms mentioned by the informant, or the converted $80,000 taken from Mr. Moon. If so, what count contained those nine (9) kilograms.

As for the remaining 856 grams of cocaine and 1.56 kilograms of marijuana, the defendant cannot be held responsible for sentencing purposes, because the jury's verdict for counts 2, 4, 5, and 6, did not reflect any drug amount. Therefore, the total specific amount of drugs the defendant can be held responsible for, based on the jury's verdict, is fifty (50) grams of cocaine or ten (10) kilograms of

marijuana.

The defendant objects to line 28, page 7.  This provision, 3C1.1, is not intended to punish a defendant for the exercise of a constitutional right.  The defendant has a constitutional right to prepare a defense and testify at trial.  Because the jury found him guilty, doesn't mean he testified falsely or obstructed justice.  Had the jury acquitted the defendant, the agents and informants would not have been charged for obstruction of justice.

The defendant objects to line 32, page 8.  Since the total calculated amount of drugs should be ten (10) kilograms of marijuana, the base offense level must be sixteen (16).

The defendant objects to line 33, page 8.  A two point enhancement for a dangerous weapon cannot be applied, because it has not been proven beyond a reasonable doubt the defendant possessed the gun, and the gun was connected to the instant offense.   Furthermore, the gun was found at the defendant's mother's residence, not the defendant's residence as alleged in line 33.

The defendant objects to line 36, page 8.  A two point enhancement cannot be applied because it has not been proven beyond a reasonable doubt the defendant "willfully obstructed or impeded the proceedings in this case."   Furthermore, provision 3C1.1, is not intended to punish a defendant for the exercise of a constitutional right.

The defendant objects to line 51, page 12.  The defendant cannot be placed in criminal history category VI, because the defendant was not notified by the government, that the government was seeking career offender enhancements, nor did the jury determine the defendant to be a career offender.

## DISCUSSION

The defendant is assured, based on U.S. v. Booker, 375 F.3d 508 (7th Cir.2004), it would be a violation of his Sixth Amendment Right, if this Court were to enhance

the defendant's sentence for a dangerous weapon and obstruction of justice.  The defendant's position is the same as Booker, the defendant has a right to have a jury decide if he possessed a dangerous weapon, and if he obstructed justice.  Therefore, to increase the defendant's base level would violate his Sixth Amendment as interpreted by Blakely, because the jury did not determine beyond a reasonable doubt these facts, which are essential to the defendant's sentence.

The defendant's base level must be level sixteen (16), because the jury found the defendant guilty of cocaine base, not crack.

According to U.S. v. Edwards, 397 F.3d 570 (7th Cir.2005), "Under the guidelines an offense involving just over 100 grams of cocaine yields a base level of sixteen (16)," which in light of Alexander's criminal history results in a sentencing range of 33-41 months.

In the instant case, as in Edwards, "the government did not prove that the substance distributed was smokable and it did not prove it was crack."  We can assume, "all crack is cocaine base but not all cocaine base is crack."  Edwards.

Therefore, the enhanced penalties for cocaine base in the guidelines and the statutes "apply to crack cocaine, and the lesser penalties apply to all other forms of cocaine."  Booker, 70 F.3d at 494.

The defendant is assured, it would violate his Sixth Amendment if his sentence was enhanced, because the sentence imposed would exceed the maximum that the statutes permit for cocaine.  Apprendi v. New Jersey, 530 U.S. 466, 490, that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

In relation to the 9.856 kilograms of cocaine, it would be a Sixth Amendment violation for this Court to impose a penalty consistent with the P.S.I. report.  The jury's verdict did not reflect guilt for nine (9) kilograms, nor did it specify any

drug amounts for counts 2, 4, 5, and 6.  The Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) rule applies here.  This rule reflects two long-standing tenets of common-law criminal jurisprudence:  that the "truth of every accusation" against a defendant "should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbors," 4 W. Blackstone, Commentaries on the Laws of England 343 (1769), and that "an accusation which lacks any particular fact which the law makes essential to the punishment is... no accusation within the requirements of the common law, and it is no accusation in reason," 1 J. Bishop, Criminal Procedure § 87, p.55 (2d ed. 1872).

Also, concerning relevant conduct for an additional nine (9) kilograms of cocaine and 1.36 kilograms of marijuana, the defendant relies on Booker.  As in Booker, Alexander "has a right to have the jury determine the quantity of drugs he possessed."

If this Court were to accept a two (2) point enhancement for a dangerous weapon, two (2) points for obstruction of justice, a base offense level of 34, a calculated drug amount of 9.856 kilograms of cocaine/4,466.56 kilograms of marijuana, a calculated drug amount of 124.7 grams of cocaine base/2,494 kilograms of marijuana, and sentence the defendant in compliance with the P.S.I. report, it would be a direct Sixth Amendment violation, and the sentence would be invalid.

The right to have a jury determine all facts essential to the sentencing is "no mere procedural formality, but a fundamental reservation of power in our constitutional structure."  Blakely.  If the defendant's sentence is "based not on facts proved to his peers beyond a reasonable doubt, but on facts extracted after trial from a report compiled by a probation officer who the judge thinks more likely got it right than got it wrong" (Blakely) it would be a violation.

As Apprendi held, "every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment."  The Framers would

5.

not have thought it too much to demand that, before depriving a man of twenty-five (25) or more years of his liberty, the government should suffer the modest inconvenience of submitting its accusation to "the unanimous suffrage of twelve of his equals and neighbors," rather than a lone employee of the government, and neither does the defendant.

CONCLUSION

Wherefore, the defendant believes, if sentenced, the base offense level must be sixteen (16), category IV, the calculated drug amount should be ten (10) kilograms of marijuana or fifty (50) grams of cocaine, there should not be a two point enhancement for the gun or obstruction of justice, and career offender cannot be applied, because the facts essential to the sentence, above the "relevant statutory maximum," was not proven to a jury beyond a reasonable doubt.

Respectfully Submitted,

Anthony Alexander, Defendant, Pro-Se
71 W. Van Buren St.
Chicago, Illinois 60605
Inmate No.  03709-027

6.

CERTIFICATE OF SERVICE

    I, Anthony Alexander, hereby give notice that I did place in the U.S. mail, a copy of the foregoing, and mailed to Assistant U.S. Attorney, Daniel L. Bella, 5400 Federal Plaza, Suite 1500, Hammond, Indiana 46320, on _June 6_ , 2005.

Respectfully Submitted,

_____

Anthony Alexander, Defendant, Pro-Se