```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:04-CR-71 |
| | ) | |
| ANTHONY ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the "Motion for New Trial, Pursuant to Rule 33, Fed. R. Cr. Proc.," filed by pro se Defendant, Anthony Alexander, on May 23, 2005. For the reasons set forth below, the Motion for New Trial is **DENIED**.

BACKGROUND

On February 28, 2005, a jury verdict was returned against Alexander, finding him guilty on all counts charged against him (1-8) in the superseding indictment. Alexander filed a motion to arrest judgment on March 7, 2005, and this Court denied the motion to arrest judgment in an opinion and order dated April 25, 2005. On May 23, 2005, Alexander filed the present motion for a new trial.

On June 21, 2005, this Court ordered the parties to submit additional briefing stating why the Court should not dismiss the

motion for a new trial for lack of jurisdiction, as it was filed after the required 7-day time period for motions under Federal Rule of Criminal Procedure 33. The parties have completed this additional briefing, and the matter is now ripe for adjudication.

DISCUSSION

Federal Rule of Criminal Procedure 33 establishes that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period." Fed. R. Crim. P. 33(b)(2). The Seventh Circuit recently reaffirmed its long-standing position that Rule 33's time limits are jurisdictional. *See United States v. Eberhart*, 388 F.3d 1043, 1049 (7th Cir. 2004); *United States v. Hocking*, 841 F.2d 735, 736 (7th Cir. 1988). In other words, "[a] district court may not entertain a motion for new trial beyond the 7-day limit in Rule 33, unless the motion is based on newly-discovered evidence or the judge has extended the filing date during the 7-day period."[1] *United States v. Brown*, 742 F.2d 363, 368 (7th Cir. 1984) (citations omitted). A "motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Because Alexander's motion was filed well beyond the 7-day limit (the verdict in this case was returned on February 28,

---

[1] No such filing date extension was granted in this case.

2005, and Alexander's motion for a new trial was not filed until May 23, 2005), it can only be timely if it is based on newly-discovered evidence.  *See Brown*, 742 F.2d at 368.

Alexander does claim that his motion for a new trial is based upon newly discovered evidence, and therefore, is timely.  He contends that the basis of his motion for a new trial is information he learned from the grand jury transcripts.  Additionally, he contends that the grand jury transcripts were given to him one day before trial, at approximately 2:00 p.m. or 4:00 p.m.  Alexander claims he "was never afforded the opportunity to review the grand jury transcripts before or during trial," and that due to his prison conditions (he claims he was only allowed to review his legal materials for a few hours daily, and the lights were turned out at 10:00 p.m.), and the fact that he was representing himself pro se, he was not able to review the grand jury transcripts until February 29, 2005 (one day after the completion of the jury trial).  (Def.'s Reply to Govt's Br. Regarding Timeliness of Alexander's Mot. for New Trial and Want of Jurisdiction, p. 2.)  In response, the Government argues that because Alexander admits the grand jury transcripts were furnished to him before trial, they do not constitute "newly discovered evidence" for the purpose of Rule 33.

Thus, we turn to the question of whether Alexander's motion was untimely filed because it was not based on "newly discovered" evidence within the meaning of Rule 33.  A new trial is warranted only if Alexander can prove that the new evidence:  (1) came to his knowledge

-3-

only after trial; (2) could not have been discovered any sooner using due diligence; (3) is material and not merely impeaching or cumulative; and (4) probably would lead to an acquittal in the event of a new trial. *United States v. Hodges*, 315 F.3d 794, 801 (7th Cir. 2003).

First, this Court believes that the grand jury transcripts, admittedly given to Alexander one day before trial, do not qualify as new evidence that "came to his knowledge only after trial." *Id.* The Government cites several cases in which evidence that was actually discovered by defendants during trial did not constitute newly discovered evidence. *See United States v. Gootee*, 34 F.3d 475, 479-80 (7th Cir. 1994) (holding possible juror misconduct during trial did not qualify as newly discovered evidence); *Brown*, 742 F.2d at 368 (holding motion for new trial based on alleged ineffective assistance of counsel was not to be interpreted as based upon newly discovered evidence); *United States v. Ellison*, 557 F.2d 128, 132-33 (7th Cir. 1977) (finding facts alleged in support of a motion for new trial based upon ineffective assistance of counsel at trial were within defendant's knowledge at time of trial).

Although these cases certainly stand for the proposition that evidence discovered during trial is not "newly discovered evidence" under Rule 33, they do not directly address the facts of this case – where a defendant asserts that he had possession of certain information at trial, but claims he had no "knowledge" of it at the

time because he had not yet had the opportunity to review the information.  Nevertheless, Alexander did have the grand jury transcripts in his possession prior to and during trial, thus this Court believes they cannot be considered "newly discovered evidence" under Rule 33.  During trial, Alexander did not voice any concerns to the Court regarding his inability to review the transcripts, nor did he ask for any continuances.  The Court notes that Alexander filed a motion to obtain grand jury minutes on November 9, 2004.  Magistrate Judge Andrew Rodovich denied this motion on January 14, 2005, because Alexander had failed to demonstrate a compelling necessity or a particularized need for the grand jury minutes.  Thus, Alexander knew about the grand jury transcripts for some time before trial, and wanted to review them.  Even if the Court takes Alexander at his word and assumes that he first reviewed the transcripts one day after trial ended, because he knew about the transcripts before, and actually possessed the transcripts at the time of trial, this Court does not believe they are "new evidence" that "came to his knowledge only after trial."

Even if this Court assumes, *arguendo*, that Alexander satisfied the first prong of the test by proving that the grand jury transcripts came to his knowledge after trial, Alexander has not proven the other prongs of the test.  Alexander cannot show that the grand jury transcripts could not have been discovered any sooner using due diligence.  Alexander actually possessed the grand jury transcripts

-5-

one day before the trial.  Although he complains that he had little daylight hours in prison to prepare for trial, this Court believes that had he used due diligence, he could have reviewed documents in his possession.  Also, Alexander could have voiced his concerns to the Court or asked for additional time to review the grand jury transcripts, but he did not.

Alexander also cannot show that the grand jury transcripts were material, and that they would have probably lead to an acquittal in the event of a new trial.  Alexander argues in this motion that due to prosecutorial misconduct, he was tried and convicted on charges in a superseding indictment that were never considered by the grand jury.  This *exact* argument was already addressed and rejected by this Court in its April 25, 2005 order, denying Alexander's motion to arrest judgment, made pursuant to Rule 34.[2]  In his motion to arrest judgment, Alexander set forth almost identical arguments, relying on portions of the grand jury proceedings to support his argument of prosecutorial misconduct and grand jury deficiencies.  Within seven days of receiving the verdict, Alexander relied upon the same grand jury transcripts in his motion to arrest judgment, that he now claims in the context of a motion for a new trial, are "newly discovered evidence."  Since Alexander filed a motion to arrest judgment within the 7-day time limit, relying upon the grand jury proceedings, the

---

[2]The Court notes that the motion to arrest judgment was timely filed within seven days after the jury verdict.

Court does not see why he could not also have filed this motion for a new trial within the same time period.

Moreover, Alexander's arguments related to the grand jury have already been addressed and rejected by this Court, and Alexander has not shown that they would have probably lead to an acquittal in the event of a new trial.  Additionally, Alexander has made no showing that the evidence would be material at trial, or that evidence of grand jury proceedings would even be admissible.

Finally, Alexander seems to argue that even if his motion was untimely, Rule 33 is flexible and empowers the Court to grant a new trial if justice so requires.  Alexander is incorrect.  Rule 33's time limits are strict and, more importantly, they are jurisdictional. *Eberhart*, 388 F.3d at 1049.

Accordingly, this Court finds that Alexander's motion is not one based on "newly discovered" evidence.  Therefore, it was not timely filed, and this Court must dismiss the motion for lack of jurisdiction.


CONCLUSION

For the aforementioned reasons, Alexander's "Motion for New Trial, Pursuant to Rule 33, Fed. R. Crim. Proc.," is **DENIED**.


**DATED:  August 3, 2005**                    S/RUDY LOZANO, Judge
                                              **United States District Court**