# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | NO. 2:04-cr-071 |
| ) | 2:09-cv-294 |
| ) | |
| ANTHONY ALEXANDER, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## OPINION AND ORDER

This matter is before the Court on the "Motion for Relief From an Order And/Or Judgment 'Previously' Rendered in this Honorable Court, Based on Petitioner's Original 28 U.S.C. § 2255 Judgment," filed by pro se Petitioner, Anthony Alexander, on December 6, 2010 (DE #311). For the reasons set forth below, the motion is **DISMISSED** for lack of jurisdiction.

BACKGROUND

Alexander was convicted by a jury on eight counts related to distribution of drugs. He was sentenced to a term of 120 months imprisonment on Counts 1, 2, 4, 5, and 6; a term of life imprisonment on Count 3; and a term of 96 months imprisonment on Counts 7 and 8, to be served concurrently. Alexander filed a direct appeal with the Seventh Circuit, and the Seventh Circuit

affirmed the conviction. *See United States v. Moon et al.*, 512 F.3d 359 (7th Cir. 2008). Alexander also filed a petition for certiorari, which was denied on October 6, 2008. Alexander then filed a motion to vacate, set aside, or correct his convictions or sentences pursuant to 28 U.S.C. section 2255, on September 16, 2009. He raised only one issue in his section 2255 petition - that Alexander's Sixth Amendment right to confrontation was violated during the trial when a forensic chemist testified about chemical laboratory reports prepared by a different chemist. (2255 Mot., p. 2.) Alexander insisted that *Crawford v. Washington*, 541 U.S. 36 (2004), and *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009), required that his conviction be vacated.

This Court denied Alexander's section 2255 motion in an order dated January 25, 2010. Alexander then filed a notice of appeal and a motion for a certificate of appealability, which this Court denied on March 31, 2010. Alexander's appeal was docketed in the Seventh Circuit, but was dismissed for failure to pay the required docketing fee. Alexander filed the instant motion for relief pursuant to Federal Rule of Civil Procedure Rule 60(b)(6), arguing the Government failed to properly notify him of seeking an enhanced sentence based on prior convictions under 21 U.S.C. § 851 ("851 Notice"). Alexander claims if the Government had given him sufficient notice under § 851, and had he known he was facing a mandatory life sentence, he would have pleaded guilty instead of

continuing to trial.

DISCUSSION

Rule 60(b)(6) provides that the Court may relieve a party from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In addressing a Rule 60(b) motion, this Court must first determine whether it has jurisdiction to entertain the motion. Under certain circumstances, a Rule 60(b) motion must be treated as a successive habeas petition. *See Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002); *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir. 2002) (citations omitted) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b).") If a Rule 60(b) motion is in effect a second or successive petition, a district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a petition. *See* 28 U.S.C. § 2255; *Dunlap*, 301 F.3d at 875 (explaining how 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding.").

Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in

3

the motion constitute a "claim," as the term claim is used in section 2244(b). The Supreme Court determined that a petitioner brings a "claim" when his motion "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits." *Gonzales v. Crosby,* 545 U.S. 524, 532 (2005). In *Gonzalez*, the Court distinguished the case where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* In those cases (where no "claim" is presented), "there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* at 533. "If neither the motion itself nor the judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id. Gonzalez*'s reasoning has been extended to section 2255 motions which implicate similar concerns of successiveness. *See United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). Therefore, where a motion challenges a perceived "defect in the integrity of the proceedings" under section 2255, a Rule 60(b) motion is appropriate.

In this case, Alexander does not set forth a "defect in the integrity of the proceedings" in the Court's decision to deny relief under section 2255. Instead, the Rule 60(b) motion attempts to raise a new ground (that the 851 Notice was allegedly

4

deficient), to attack his original sentence. This substantive argument could have, and should have, been raised in Alexander's original 2255 motion.

Alexander claims that he was on lockdown in the penitentiary when *United States v. Williams*, 584 F.3d 714 (7th Cir. 2009)[1], was decided; therefore, he had no access to the law library and was not able to amend his section 2255 petition to include the 851 Notice argument. *Williams* was decided on October 14, 2009, about one month after Alexander timely filed his section 2255 petition on September 16, 2009. Even assumming, *arguendo*, that Alexander had amended his section 2255 petition and relied upon *Williams* in support of his 851 Notice claim, he still would not prevail. In *Williams*, the defendant criticized the 851 Notice because the Government failed to list a second conviction upon which it intended to rely in enhancing the sentence. *Id.* at 715-16. Rather, in *Williams*, the Government provided a notice that specifically set forth one conviction, and then added "and all other [convictions] applicable to qualify [defendant] for sentencing under the enhanced penalty provisions of . . . Section 841(b)." *Id.* at 715. Although the Court criticized the Government attorney in that case for not being more clear, it upheld the

---

[1] Although Alexander's original motion (DE #311) relies upon a case cited as *United States v. Williams*, 485 F.3d 393 (7th Cir. 2009), Alexander corrected the citation in his reply memorandum (DE #314), and it is obvious he is relying upon *United States v. Williams*, 584 F.3d 714 (7th Cir. 2009).

5

sentence and found the notice "adequately informed the defendant of what he was facing and so fulfilled the statutory purposes, [] consequently, there was no reversible error." *Id.* at 718.

Contrary to *Williams*, in this case, it is uncontested that the 851 Notice properly set forth all three previous convictions upon which the Government intended to rely in enhancing Alexander's sentence. Although Alexander criticizes the 851 Notice for not mentioning his possible punishment range (indeed, he claims he did not have notice that he was facing a mandatory life sentence), section 851 has no such requirement. It merely requires that before trial or entry of a plea, the United States Attorney must file an information with the Court, and serve a copy to the defendant or his counsel, "stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). It is undisputed that the 851 Notice in this case included all three prior convictions the Government intended to rely upon in enhancing Alexander's sentence. Thus, the 851 Notice in this case was indeed proper.[2]

Alexander's instant motion is a second or successive claim for

---

[2]This case is also different from *United States v. Arnold*, 485 F.3d 290 (5th Cir. 2007), cited by Alexander, in which a sentence was vacated and remanded where the Government made a citation error in its pre-trial sentencing enhancement notice, which reflected the Government's intention to seek a sentence of ten years to life (instead of the Government's actual intent to seek a mandatory life sentence). Here, the Government did not mistakenly inform Alexander of a wrong sentence.

relief under Section 2255, for which Alexander must apply to the Seventh Circuit for permission to raise in this Court. 28 U.S.C. § 2255(h). This Court therefore lacks jurisdiction to hear Alexander's Rule 60(b)(6) motion, and it must be dismissed for lack of jurisdiction.

CONCLUSION

For the reasons set forth above, the "Motion for Relief From an Order And/Or Judgment "Previously" Rendered in this Honorable Court, Based on Petitioner's Original 28 U.S.C. § 2255 Judgment," is **DISMISSED** for lack of jurisdiction.


**DATED: March 15, 2011**            /s/ RUDY LOZANO, Judge
                                     **United States District Court**