**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 2:04-cr-71 |
| | ) | (2:09-cv-294) |
| ANTHONY ALEXANDER, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion For A Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c), filed by Petitioner, Anthony Alexander, on June 13, 2011 (DE #317). For the reasons set forth below, the motion for a certificate of appealability is **DENIED**.

BACKGROUND

Alexander was convicted by a jury on eight counts related to distribution of drugs. He was sentenced to a term of 120 months imprisonment on Counts 1, 2, 4, 5, and 6; a term of life imprisonment on Count 3; and a term of 96 months imprisonment on Counts 7 and 8, to be served concurrently. Alexander filed a direct appeal with the Seventh Circuit, and the Seventh Circuit affirmed the conviction. *See United States v. Moon et al.*, 512

F.3d 359 (7th Cir. 2008). Alexander also filed a petition for certiorari, which was denied on October 6, 2008. Alexander then filed a motion to vacate, set aside, or correct his convictions or sentences pursuant to 28 U.S.C. section 2255, on September 16, 2009. He raised only one issue in his section 2255 petition - that Alexander's Sixth Amendment right to confrontation was violated during the trial when a forensic chemist (DeFrancesco) testified about chemical laboratory reports prepared by a different chemist. (2255 Mot., p. 2.) Alexander insisted that *Crawford v. Washington*, 541 U.S. 36 (2004), and *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009), required that his conviction be vacated.

This Court denied Alexander's section 2255 motion in an order dated January 25, 2010. Alexander then filed a notice of appeal and a motion for a certificate of appealability, which this Court denied on March 31, 2010. Alexander's appeal was docketed in the Seventh Circuit, but was dismissed for failure to pay the required docketing fee.

Alexander then filed a motion for relief pursuant to Federal Rule of Civil Procedure Rule 60(b)(6), arguing the Government failed to properly notify him of seeking an enhanced sentence based on prior convictions under 21 U.S.C. § 851 ("851 Notice") (DE #311). Alexander claimed if the Government had given him sufficient notice under § 851, and had he known he was facing a mandatory life sentence, he would have pleaded guilty instead of

continuing to trial.  He also argued that he was in lockdown in the penitentiary when *United States v. Williams*, 584 F.3d 714 (7th Cir. 2009) was decided, thus he had no access to the law library and was not able to amend his section 2255 petition to include the 851 Notice argument.

In an order dated March 15, 2011, the Court denied Alexander's Rule 60 motion, finding it was a second or successive claim for relief under Section 2255, and dismissed the motion for lack of jurisdiction (DE #315).  However, this Court did address Alexander's argument that he could not amend his section 2255 motion pursuant to *Williams* (which was decided about one month after Alexander filed his section 2255 petition), because Alexander was on lockdown in the penitentiary.  This Court noted that even if Alexander had amended his petition to include the 851 Notice argument, his claim still would have failed because *Williams* is distinguishable from this case.  Here, the Government properly set forth all three of Alexander's previous convictions upon which it intended to rely, in compliance with 21 U.S.C. § 851.  Although Alexander claims he still did not realize he was facing a mandatory life sentence, the Court noted that section 851 has no such requirement - it merely requires, as the Government did in this case, that the United States Attorney file an information with the Court and serve a copy to defendant or his counsel, "stating in writing the previous convictions to be relied upon."  21 U.S.C. §

851(a)(1).

DISCUSSION

In order to appeal this Court's denial of his Rule 60(b) motion, Alexander must obtain a certificate of appealability. Such a certificate may issue only if Alexander "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has held that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court in *Slack* also established that to obtain a certificate of appealability for a denial of a section 2255 petition on procedural grounds, a petitioner must demonstrate (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A failure to establish either component is fatal. *Id.*

The Court's review of its March 15, 2011 order reveals that Alexander is not entitled to a certificate of appealability. No reasonable jurist could find the Court's assessment of the

4

constitutional claims debatable or wrong.  This Court specifically addressed Alexander's arguments that he advances in the current motion for a certificate of appealability, and rejected them.

Finally, because this Court dismissed Alexander's Rule 60(b) motion for lack of jurisdiction, to the extent the denial of that motion could be construed as a procedural ruling, this Court finds that no jurist of reason would find it debatable whether this Court was correct in any procedural ruling barring Alexander's claims.

CONCLUSION

For the aforementioned reasons, this Court finds that Alexander is not entitled to a certificate of appealability on any issues in his Motion For A Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c).  Therefore, the request for a certificate of appealability is **DENIED**.

**DATED: June 14, 2011**               /s/ RUDY LOZANO, Judge
                                       **United States District Court**