UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: 2:04-CR-71 |
| | ) | |
| ANTHONY ALEXANDER | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION UNDER THE FIRST STEP ACT**

Comes now the United States of America, by United States Attorney Thomas L. Kirsch, II, and Tina L. Nommay, Assistant United States Attorney, and files its response in opposition to the Motion under the First Step Act filed by the *pro se* Defendant, Anthony Alexander (hereafter Alexander). (D.E. 398) The government contends that application of Section 404 of the First Step Act affords Alexander no relief and requests that his motion be denied for the reasons set forth below.

*Offense*

On October 22, 2004, a Superseding Indictment was filed against Alexander and his co-defendant. (D.E. 41) On February 4, 2005, the Government filed an Information to establish its reliance on Alexander's prior

convictions as a sentencing enhancement under 21 U.S.C. § 851.  (D.E. 91)[1]

The case proceeded to trial, and on February 28, 2005, Alexander was found guilty by a jury of various gun and drug offenses contained in the Superseding Indictment.  Specifically, Alexander was found guilty of the following offenses:

**Count 1** – a violation of 21 U.S.C. § 846 Conspiracy to Possess with intent to distribute 500 grams or more of Cocaine;
**Counts 2, 5 and 6** - violations of 21 U.S.C. § 841 distribution of cocaine;
**Count 3** – violation of 21 U.S.C. § 841 Distribution of 50 grams or more of Cocaine Base;
**Count 4** – violation of 21 U.S.C. § 841 Distribution of Marijuana;
**Counts 7 and 8** – violation of 21 U.S.C. § 843(b) Use of a Communication Facility to facilitate the Distribution of 500 grams or more of Cocaine.

*Sentencing*

The statutory penalties for the Counts of Convictions were as follows:

**Count 1** – (cocaine) not less than 10 years and not more than life;
**Counts 2, 5 and 6** – (cocaine) not more than 30 years;
**Count 3** - (cocaine base crack) mandatory life imprisonment;
**Count 4** – (marijuana) not more than 10 years;
**Counts 7 and 8** – (cocaine) not more than 8 years.

According to the PSR, the amount of drugs involved in the commission of the drug offenses, which were grouped, when converted to marijuana, was found to be 4,466.56 kilograms.  Count 3 of the Superseding Indictment, which charged distribution of 50 grams or more of cocaine base, involved 124.7 grams of cocaine base crack.  The cocaine for which he was responsible amounted to

---

[1] Alexander had a 1992 Possession with Intent to distribute cocaine conviction from ND Illinois; a 1991 Dealing in cocaine conviction in Lake County; and a 1989 Possession of Cocaine conviction out of Lake County, Indiana. (PSR 43-47)

9.856 kilograms of cocaine. (PSR 11, 24 and Addendum) The 2005 version of the Sentencing Guidelines was utilized. The converted amount of all drugs to marijuana was between 3,000 and 10,000 kilograms, setting Alexander's base offense level at 34. Alexander was assessed 2 points for use of a dangerous weapon, and another 2 points for obstructing justice for testifying falsely at his trial. His adjusted offense level was 38. However, Alexander was determined to be a Career Offender, under U.S.S.G. § 4B1.1. A person who qualifies as a Career Offender facing a maximum term of imprisonment of life is given a base offense level of 37. In this case, Alexander's offense level for his drug offense was greater than his career offender base offense level, so his total offense level was determined to be a 38. With a criminal history category of VI, Alexander was facing a guideline range of imprisonment of 360 months to life. (PSR 76)[2]

On February 24, 2006, Alexander was sentenced to: 120 months on Counts 1, 2, 4, 5, and 6, a term of life on Count 3, and 96 months on Counts 7 and 8, all to run concurrently. (D.E. 259) Judgement was entered on February 28, 2006. (D.E. 260)

---

[2] Even if Alexander's drug amount was reduced and his offense level was somehow determined to be less than 38, the Career Offender base offense level would have been 37 and VI, and carried the same guideline range of imprisonment of 360 months to life.

*Post Trial*

*Appeal*

Alexander filed an appeal, and his conviction was affirmed in *United States v. Moon and Alexander,* 512 F.3d 359 (7th Cir. 2008). (D.E. 261) The main issue addressed on appeal was whether the chemist had violated the Confrontation Clause when testifying that the substance seized from the defendant was cocaine. 512 F.3d at 360. The Seventh Circuit found that the chemist had not violated the Sixth Amendment. 512 F.3d at 362. It further found that while the defendants had raised "many other issues, [] the only one that requires discussion is whether the evidence supports the jury's verdict that Alexander and Moon conspired to distribute cocaine." *Id*. The Court found that the "evidence was sufficient to allow a reasonable jury to infer that Moon and Alexander were joint venturers." *Id*. at 364. Alexander filed a § 2255 motion, which the District Court denied, and he was denied a certificate of appealability. (D.E. 311, 315, 319) Alexander filed an appeal but it too was denied. (D.E. 341)

*Sentence Reduction*

On December 12, 2011, Alexander filed a motion for a reduction of his sentence based on 18 U.S.C. § 3582. (D.E. 330) The District Court, Judge Lozano, denied Alexander's motion since he was a career offender. The Court found that Amendment 750 did not affect his sentence because his sentencing

range remained at 360 to life, and since his range had not been lowered, the Court had no jurisdiction to modify his sentence. (D.E. 336) Alexander sought reconsideration of the denial, which the District Court denied on April 4, 2012. (D.E. 345) United States v. Alexander, 2012 WL 12887932 (N.D. IN). Alexander filed an appeal of the denial of his motion for reduction. (D.E. 346) The appeal was dismissed on August 31, 2012, after Alexander failed to timely file his docketing fee. (D.E. 357). Alexander then filed another motion to reduce his sentence on January 14, 2013, which the District Court denied on January 16, 2013. (D.E. 159); *United States v. Alexander*, 2013 WL 12130321 (N.D. IN). Alexander appealed this decision. (D.E. 360) On July 22, 2013, the Seventh Circuit Court of Appeals affirmed the District Court's denial of Alexander's motion to reduce his sentence because he was a career offender and as such, he could not file a successive motion. (D.E. 363); *United States v. Alexander,* 505 Fed. Appx. 601 (7th Cir. 2013).

***First Step Act***

On December 21, 2018, the First Step Act was enacted into law. Section 404 of the First Step Act makes retroactive the portions of the Fair Sentencing Act of 2010 ("Fair Sentencing Act") that lowered the threshold quantities triggering different statutory penalties for certain offenses involving cocaine base (crack cocaine).

Alexander has requested appointment of counsel on January 2019. (D.E. 389) The matter was referred to the Federal Community Defender's Office, but they subsequently withdrew as Alexander indicated he no longer desired to have them represent him. (D.E. 395) The U.S. Probation Officer prepared an Addendum in light of the Fair Sentencing Act as applied to Alexander pursuant to the First Step Act. (D.E. 394) The Probation Officer found that since the amount of cocaine base involved in Count 3 was 124.7 grams, the application of the Fair Sentencing Act *would reduce that statutory penalty* to not less than 10 years and not more than life. When the Probation Officer recalculated the amount of drugs involved in the offenses of conviction to be 2,417.56 kilograms of converted drug weight, Alexander's adjusted offense level was reduced to a 34. However, at the time of sentencing, Alexander was also determined to be a Career Offender. A base offense level for Career Offenders is found in U.S.S.G. § 4B1.1 and is determined by looking to the statutory maximum for the offenses of conviction. Alexander's statutory maximum term of imprisonment remains at life - not only on Count 3, the cocaine base crack, but also on Count 1, the cocaine conspiracy. An offense level of 37 and criminal history VI reveals that Alexander's sentencing guideline range remains unchanged at 360 to life. Therefore, even with the application of the Fair Sentencing Act/First Step Act, the calculations bear out that

Alexander's sentencing guideline is the same as it was at the time of sentencing.

In his Motion, Alexander asks the Court to reduce his sentence under Section 404 of the First Step Act. He believes that application of the Act reduces his offense level to 24 (D.E. p. 5, 7) and he believes his sentencing guideline based on the amount of cocaine base crack puts him at 168 to 210 months. He is seeking a resentencing, because he believes the application of the Fair Sentencing Act changes his statutory penalty from life to 5- 40 years. Unfortunately, Alexander's position is not correct and results in no reduction in his sentence.

### *Statutory Penalty*

Alexander is correct in that the First Step Act is not about the guidelines, it's about the statutory penalties he faced based on his convicted offenses. (D.E. 397 p. 4) Alexander admits he was responsible for 125 grams of cocaine base and that a statutory penalty of 5-40 years is the statutory penalty for distributing 28 grams or more but less than 280 grams. (D.E. 397 p. 1-2) The crack cocaine amount was the quantity for only the offense in Count 3. Alexander appears to forget or ignore that he was also convicted of cocaine and marijuana related charges of distribution, using a telephone facility and conspiracy. The total amount of drugs which set his base offense level of 34 included 4,446.56 kilograms of marijuana, and this amount now is 2,417.56

kilograms of converted drug weight would sets his base offense level at 30, not 24. However, any calculation based on drug quantity is of no consequence because Alexander was determined to be a career offender.

What Alexander also appears to ignore is that application of the Fair Sentencing Act only applies to cocaine base crack offenses of conviction. So, he is correct in the sense that his statutory penalty would have started at 5 – 40 years. What he forgot to address is the fact that the government had filed an 851 relying on his prior convictions. Alexander does admit in his Objection to the FSA Report that "the government filed an 851 notice with two or more prior convictions." (D.E. 399 p.2) This filing results in an enhancement of his statutory penalty for Count 3 to not less than 10 years and not more than life imprisonment under 21 U.S.C. § 841(b)(1)(B)(iii).

Alexander also ignores that he was determined to be a Career Offender in computing his sentencing guideline calculation. While the application of the Fair Sentencing Act does reduce his *statutory penalty* on Count 3 from life to 10 years to life, it does not affect his Career Offender determination nor computation under U.S.S.G. § 4B1.1. The fact is that Alexander's statutory maximum term of imprisonment is still life - not only on Count 3, the cocaine base crack, but also on Count 1, the cocaine conspiracy. This maximum penalty sets Alexander's offense level of 37 and criminal history category of VI, so he is looking at a guideline range of 360 months to life. This is the same range he

was facing before. Since Alexander's sentencing guideline range remains unchanged at 360 to life, he is ultimately afforded no relief from the application of the First Step Act. *United States v. Clay*, 2019 WL 1338892 (C.D. Ky March 25, 2019); See *United States v. Fisher*, 2019 WL 1320047 (E.D. Ky March 22, 2019); *United States v. Jackson*, 2019 WL 1601492 (W.D. Virginia April 15, 2019). Therefore, his motion should be denied.

Even if the Court were to find that Alexander is somehow eligible for consideration under the First Step Act, the government recognizes that the Court has full discretion when reducing a sentence. (See Section 404(c) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). "This language vests discretion in the sentencing court to look at the facts and procedural history of each case when deciding whether to exercise discretion to reduce a sentence." *United States v. Haynes*, 2019 WL 1430125, at *2.

Here, the Court should exercise its discretion by denying Alexander's motion because of his career offender status. If the Fair Sentencing Act had been in effect at the time of the original sentence and the government had presented its case subject to the Fair Sentencing Act requirements, Alexander would still have been subject to a maximum statutory range of life imprisonment for Counts 1 and 3. This would lead to the same calculation of

a base offense level of 37 due to his career offender status, which would lead to the same guideline range calculation of 360 to life. When the trial court Judge had sentenced Alexander, he imposed a life sentence. The Sentencing Guideline range at that time was 360 to life based on his career offender status. When given the chance to reduce the sentence in 2011, the District Court refused to do so *based on Alexander's status as career offender*. (D.E. 336) The District Court also refused to reconsider its position citing to Seventh Circuit precedent recognizing that the crack amendments did not affect a career offender's applicable guideline range. The Court found that the application of the Amendment would "still result in a recommended sentencing range of 360 months to life imprisonment." (D.E. p. 3 and *United States. Alexander*, 2013 WL 12130321) Since Alexander's sentencing range was not lowered and was in fact the same under an offense level of 37 or 38, Alexander's motion was denied. (D.E. 336, p.3) The Seventh Circuit affirmed the District Court's denial in May 2013. *United States v. Alexander*, 505 Fed.Appx. 601 (7th Cir. 2013). Alexander is still a career offender facing the same range, 360 to life imprisonment, and thus his sentence should not be reduced.

### *Resentencing*

If the Court were to consider a reduction, the government's position is that the First Step Act does not authorize a full resentencing, nor a re-determination of a defendant's career offender status.

In his *pro se* motion, Alexander asks for relief under Section 404, but then couches his request in terms of a resentencing. It appears what he desires is a reduced sentence. To the extent his request encompasses a resentencing, that request should be denied. Section 404(b) of the First Step Act provides that the court may "impose *a reduced sentence* as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." (emphasis added) This does not give courts the authority to conduct a full resentencing, but to only impose a reduced sentence **if** the defendant is eligible for such a reduction. In this case, the government has proven that Alexander is not entitled to a reduced sentence.

This Court is also without jurisdiction to reduce or modify Alexander's sentence because as a career offender, his sentencing range has not been lowered by any Sentencing Guideline Amendment made retroactive by the Sentencing Commission. *Alexander* 2012 WL 12887932 and *Alexander*, 505 Fed.Appx. 601 (7th Cir. 2013); See also *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011) and *United States v. Beard,* 745 F.3d 288 (7th Cir. 2014).("[o]nce the district judge makes a decision, Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too retroactive); *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).

Further, the government contends a resentencing is not provided for in the First Step Act. Contrary to Alexander's assertions, the Act speaks in terms of a reduced sentence, not a resentencing. In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court considered the analogous situation of sentence reductions authorized under 18 U.S.C. § 3582(c)(2). There, the Supreme Court examined the text of the statute and determined that Congress had "intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 825-26. The same reasoning applies to the First Step Act. The First Step Act applies only to a narrow group of defendants who committed violations before the enactment of the Fair Sentencing Act and whose statutory penalties were modified by the Fair Sentencing Act, and it gives courts the discretion to impose a reduced sentence for this narrow group of defendants. Nothing in the First Step Act authorizes courts to conduct a plenary resentencing. *See United States v. Glover*, No. 95-08021-CR, 2019 WL 1562833, at *10 (S.D. Fla. April 11, 2019) (finding that the defendant is not entitled to a full resentencing); *United States v. Rivas*, 2019 WL 1746392 (E.D. Wisc. April 18, 2019).

*Career Offender Status*

In his Objection to the FSA Report, Alexander simply concludes that under the First Step Act he would no longer be eligible as a career offender because his prior dealing felony no longer qualifies as a predicate offense. (DE 399 p. 2) Alexander's claim has no merit.

Alexander, who was sentenced in 2006, is attempting to use a section of the First Step Act as a way to undue his career offender status, a status he either failed to challenge before or was not successful in challenging. Alexander's use of the First Step Act to affect his career offender status simply lacks merit. Alexander argues that his dealing offense noticed in the 851 filing does not qualify as a predicate offense and therefore he does not have two prior convictions that make him eligible as a career offender. The definition he alleges applies, is a definition in Section 401 of the First Step Act which affects *statutory enhancements under the penalty provisions of 21 U.S.C. § 841.* This Section in the First Step Act does not apply nor affect career offender status or determinations. Career Offender determinations are made pursuant to the Sentencing Guidelines, particularly section U.S.S.G. §§ 4B1.1 and 4B1.2. Further, Alexander cannot obtain relief from a provision of the First Step Act which does not apply to him. Section 401, which changed the definition of qualifying predicate offenses used to enhance a statutory mandatory minimum penalty, specifically states, "[t]his section, and the amendment made by this

section, shall apply to any offense that was committed before the date of the enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*" 401(c) (emphasis added) Section 401 of the First Step Act do not apply to relief under Section 404, and do not apply by definition to afford Alexander the relief he seeks.

Additionally, the First Step Act does not grant a court authority to revisit career offender designations. The First Step Act applies to only a narrow group of defendants as described in the statute, and it provides only a limited type of relief. It does not provide a means for defendants seeking a reconsideration of their career offender status or any other aspect of their sentence other than their statutory penalty upon application of the Fair Sentencing Act of 2010. If Alexander wishes to challenge his sentence based on a different determination of his career offender status, the proper method to seek relief is by filing a petition under 28 U.S.C. § 2255. Since this may be a second or successive petition, Alexander would have to seek permission from the Court of Appeals before filing his petition. The Court is without jurisdiction to make this determination.

**Conclusion**

For the reasons stated above, the Government respectfully requests that the Court deny the *pro se* Alexander's motion to reduce his sentence.

Respectfully submitted,

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY


By:   /s/ Tina L. Nommay
Tina L. Nommay
Assistant United States Attorney
E. Ross Adair Federal Building and
 United States Courthouse
1300 South Harrison Street, Room 3128
Fort Wayne, IN  46802
Tel:   (260) 422-2595
Fax:  (260) 426-1616
Email:  Tina.Nommay@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I certify that all participants in the case who are registered CM/ECF users received service by the CM/ECF system.

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Anthony Alexander
03709-027
PO Box 33
Terre Haute, IN 47808

/s/ Samantha K. Lee
Samantha K. Lee
Supervisory Legal Assistant

OFFICE OF THE U.S. ATTORNEY
E. Ross Adair Federal Building and U.S. Courthouse
1300 South Harrison Street, Room 3128
Fort Wayne, IN 46802-3489
Telephone: (260) 422-2595
Facsimile:  (260) 426-1616